IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-03446-PAB

SNOWMASS MINING CO., LLC, an Idaho limited liability company,

    Plaintiff,

v.

MYSTIC EAGLE QUARRY, LLC, a Colorado limited liability company,
ELBRAM STONE COMPANY LLC, a Colorado limited liability company,
AVALANCHE CREEK MARBLE AND ALABASTER LLC, a Colorado limited liability company, and
ROBERT CONGDON,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* on the Notice of Removal [Docket No. 1] of defendant Elbram Stone Company LLC ("Elbram"). Elbram states that the Court has federal-question jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. Docket No. 1 at 4. Elbram indicates that the other named defendants consent to removal. *Id.*

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of

jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to do so.  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction."  *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  "Federal district courts must strictly construe their removal jurisdiction."  *Envtl. Remediation Holding Corp. v. Talisman Capital Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000).  "[A]ll doubts are to be resolved against removal."  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  Thus, the Court presumes that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.  *Lorentzen v. Lorentzen*, No. 09-cv-00506-PAB, 2009 WL 641299, at *1 (D. Colo. Mar. 11, 2009).

Elbram asserts that the Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331.  Docket No. 1 at 4.  Under § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal quotation marks and alteration marks omitted). In other words, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). For removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and . . . the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Fajen*, 683 F.2d at 333 (internal quotation marks omitted); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936). It "takes more than a federal element to open the 'arising under' door" of § 1331. *Empire Healthchoice Assurance, Inc. v McVeigh*, 547 U.S. 677, 701 (2006).

  Here, the initial pleading in state court was the complaint. Docket No. 5. Therefore, the Court must analyze the complaint to determine whether it is based on federal law. *See, e.g., King v. United Way of Central Carolinas, Inc.*, 2009 WL 2432699, at *3 (W.D.N.C. June 16, 2019); *Butts v. Hansen*, 650 F. Supp. 996, 998 (D. Minn. 1987); *Perimeter Lighting, Inc. v. Karlton*, 456 F. Supp. 355, 358 (N.D. Ga. 1978). According to the complaint, defendants have violated the order and final judgment in Case No. 2014cv30168 in the District Court for Pitkin County, Colorado (the "original lawsuit"), which involved the same parties. Docket No. 5 at 2, ¶ 8. Plaintiff alleges the

original lawsuit quieted title to mining claims located on national forest lands in Pitkin County, Colorado in favor of plaintiff. *Id.*, ¶ 10. Plaintiff argues that defendants continue to assert ownership over the claims and have trespassed onto the property covered by the claims. *Id.* at 2-3, ¶¶ 11-12. Plaintiff brings three claims: (1) for a declaratory judgment under Colo. Rev. Stat. § 13-51-106 and Colo. R. Civ. P. 57 that the theories being espoused by defendants are legally incorrect, (2) trespass, and (3) contempt pursuant to Colo. R. Civ. P. 107 for violating the judgment in the original lawsuit. *Id.* at 8-10, ¶¶ 49-64. None of plaintiff's claims are based on federal law. *See id.*

Elbram argues that plaintiff's claims "necessarily raise federal questions that must be decided as part of [p]laintiff's affirmative case and federal question jurisdiction exists as part of [p]laintiff's complaint." Docket No. 1 at 4. More specifically, Elbram asserts that plaintiff's request for declaratory relief is "presumably under the General Mining Law of 1872, 30 U.S.C. Chapter 2—the only source of law for establishing mining claims on federal land." *Id.* at 3.

State law claims that raise a substantial question of federal law can create federal question jurisdiction. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The "substantial question" test applies when a state-law claim invokes a substantial federal question such that the state-law claim can be considered to arise under federal law for jurisdictional purposes. *See Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014). To create federal question jurisdiction, the state law claim "(1) must necessarily raise a federal

claim that is both (2) actually disputed and (3) substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad Inc.*, 693 F. 3d, 1195, 1209 (10th Cir. 2012). The Tenth Circuit has cautioned that "this branch of arising-under jurisdiction is a slim one." *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012). For instance, the "mere need to apply federal law in a state-law claim" will not "suffice to open the 'arising under' door." *Grable*, 545 U.S. at 313. Federal jurisdiction demands "not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* Although Elbram claims that plaintiff's complaint arises under federal law, it does not specify why federal law is disputed or necessarily implicated in deciding plaintiff's claims. *See* Docket No. 1 at 3-4.

Because the allegations in the Notice of Removal [Docket No. 1] are presently insufficient to allow the Court to determine whether it has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)), it is

**ORDERED** that, on or before **January 7, 2022**, Elbram shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED December 30, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

5