IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-03446-PAB

SNOWMASS MINING CO., LLC, an Idaho limited liability company,

    Plaintiff,

v.

MYSTIC EAGLE QUARRY, LLC, a Colorado limited liability company,
ELBRAM STONE COMPANY LLC, a Colorado limited liability company,
AVALANCHE CREEK MARBLE AND ALABASTER LLC, a Colorado limited liability company, and
ROBERT CONGDON,

    Defendants.

---

**ORDER**

---

This matter is before the Court on defendants' Motion for Reconsideration, Clarification and Relief from an Order [Docket No. 28]. Defendants Mystic Eagle Quarry, LLC, Elbram Stone Company LLC, ("Elbram"), Avalanche Creek Marble and Alabaster LLC, and Robert Congdon ("Mr. Congdon") filed a motion for reconsideration of the Court's order remanding this case to state court on April 13, 2023. Docket No. 28. Plaintiff Snowmass Mining Co., LLC ("Snowmass") filed a response on April 21, 2023. Docket No. 29. Defendants filed a reply on April 27, 2023. Docket No. 30.

**I. BACKGROUND**

The background facts and procedural history of this case have been set forth in the Court's March 3, 2023 order remanding the case to state court, *see* Docket No. 26

at 1–3, and will not be repeated here except to the extent necessary to resolve defendants' motion.

On December 1, 2021, Snowmass filed this action in the District Court for Pitkin County, Colorado, asserting three state law claims regarding disputed mining claims located on national forest land in Pitkin County.  Docket No. 5 at 1, 8–10, ¶¶ 49–64.  On December 23, 2021, Elbram removed this case to federal court alleging that this Court has federal-question jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.  Docket No. 1 at 4, ¶ 3.  Snowmass filed a motion to remand the case to state court on March 24, 2022.  Docket No. 20.  The Court granted Snowmass's motion and remanded the case on March 30, 2023.  Docket No. 26 at 10–11.  The Court determined that it lacked subject matter jurisdiction over the case because Snowmass's state law claims failed to necessarily raise a substantial and disputed question of federal law.  *Id.* at 9 (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

## II.  DISCUSSION

Defendants' motion for reconsideration centers on a single sentence in the background section of the Court's remand order, which they feel mischaracterizes the holdings of a previous state court case regarding the same mining claims.  Docket No. 28 at 4.  In the order, the Court stated in dicta that "[t]he state court ruled that Mr. Congdon forfeited his mining claims in 2004 and that he failed to make a valid claim on the White Banks Claims in August 2005."[1]  Docket No. 26 at 2.  Defendants assert that

---

[1] "Dictum does not become the law of the case."  *Hardesty v. Pino*, 222 P.3d 336, 340 (Colo. App. 2009) (citing *People ex rel. Gallagher, In & For Eighteenth Jud. Dist. v. Dist. Ct. In & For Arapahoe Cnty.*, 666 P.2d 550, 553 (Colo. 1983)).

2

the state court did not rule on the validity of Mr. Congdon's mining claims.  Docket No. 28 at 3.  Snowmass points out that whether Mr. Congdon's claims are valid is a substantive issue currently being litigated in state court.  Docket No. 29 at 4.  Defendants fear that this sentence in the background section of the Court's order is "likely to cause confusion to the state court to which the matter has been remanded."  Docket No. 28 at 1.  Defendants ask the Court to revise the remand order under Federal Rule of Civil Procedure 60(a) as an oversight or omission.  Id. at 3.

Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission."  Fed. R. Civ. P. 60(a).  The rule "may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record."  *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (emphasis omitted) (citing *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 226 (10th Cir.1980)).  "Rule 60(a) may not be used to change something that was deliberately done even though it was later discovered to be wrong."  *Id.* (citing *Security Mut. Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1065 (10th Cir.1980)).  "[T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule."  *Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 504 (5th Cir. 1994).  In *LogoPaint A/S v. 3D Sport Signs SL*, 2017 WL 6968229, at *2 (S.D. Fla. Aug. 11, 2017), the court applied Rule 60(a) to amend dicta that was neither a clerical error nor an error affecting the substantive rights of the parties.  In doing so, the court reasoned that the gratuitous footnote had caused confusion as to the

3

basis of the court's order. *Id.* Amending the order helped to "preserv[e] the clearest possible record" for a likely appeal. *Id.*

Here the Court finds no reason to amend its prior order. The Court's characterization of the prior state proceeding did not impact the analysis concluding that the Court lacked jurisdiction over the case. Furthermore, orders dismissing a case for lack of jurisdiction are not reviewable. *Miller v. Lambeth*, 443 F.3d 757, 759–60 (10th Cir. 2006). Finally, although it was irrelevant to the Court's determination to dismiss the case, there appears to be a genuine controversy over the holding of the prior state court case. Docket No. 29 at 4. The fact that this Court's order to dismiss is found to contradict what a future state court may determine to be the holding of the prior state court proceedings is not a proper ground for revision. *McNickle*, 888 F.2d at 682.

### III. CONCLUSION

Therefore, it is

**ORDERED** that defendants' Motion for Reconsideration, Clarification and Relief from an Order [Docket No. 28] is **DENIED**.

DATED November 8, 2023.

                                      BY THE COURT:

                                      PHILIP A. BRIMMER
                                      Chief United States District Judge